Steven PAEPKE, Plaintiff-Respondent,

v.

Gregory LECK and Steven Grady, Defendants-Appel-
lants-Petitioners.

Supreme Court

*No. 92–0754. Oral argument November 2, 1993.—Decided
November 15, 1993.*

(Also reported in 507 N.W.2d 339.)

For the defendants-appellants-petitioners the cause was argued by *Alan R. Kesner,* assistant attorney general, with whom on the briefs was *James E. Doyle,* attorney general.

For the plaintiff-respondent there was a brief by *Stephen M. Needham, Cynthia M. Mack* and *Lichtsinn & Haensel, S.C.,* Milwaukee and oral argument by *Stephen M. Needham.*

## STATE OF WISCONSIN-SUPREME COURT

## ORDER

Before the court on review is the decision of the Court of Appeals affirming the circuit court and concluding that two video poker machines the police had seized and which their owner sought to have returned pursuant to sec. 968.20(1), Stats., are not "gambling machines" as defined in sec. 945.01(3)(a), Stats. The circuit court had determined that the video poker machines were not "gambling machines." It did not apply the definition in sec. 945.01(3)(a), Stats.; it held that they were not "gambling machines" as the term is included as "contraband" in the search warrant statute, sec. 968.13(1)(a), Stats., and as "contraband" is used in sec. 968.20(1), Stats. The circuit court made no findings that the video poker machines had or lacked the characteristics specified in sec. 945.01(3), Stats., so as to come within the term "gambling machines" under para. (a) of that statute or be excluded from the defini-

tion by par. (b)2. The record discloses that the machines themselves were not produced and no testimony or physical evidence was introduced in the circuit court to establish their relevant characteristics.

The lack of circuit court findings or determination concerning whether the video poker machines are "gambling machines" under sec. 945.01(3), Stats., and the insufficiency of the record to support a determination of the issue prevent this court from conducting a proper review of the Court of Appeals decision. Accordingly, the court remands the matter to the circuit court for further proceedings to determine whether the video poker machines are "gambling machines" under sec. 945.01(3), Stats. In the interest of judicial economy, if either party timely files a notice of appeal upon completion of the proceedings in the circuit court ordered herein, the court may entertain a petition to bypass the Court of Appeals under sec. (Rule) 809.60, Stats.

IT IS ORDERED that the decision of the Court of Appeals is vacated and the matter is remanded to the circuit court for Dane county for further proceedings as directed in this order.

Marilyn L. Graves
Clerk of Supreme Court